## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **K.C.**

**No. 22-0423** (Mason County 20-JA-35)

## MEMORANDUM DECISION

Petitioner Mother A.S.[1] appeals the Circuit Court of Mason County's April 4, 2022, order terminating her parental rights to K.C.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In the June of 2020 petition, the DHHR alleged that the parents abused illicit substances; lacked adequate food, working utilities, and appropriate housing; and left firearms and weapons within reach of then-five-year-old K.C. As a result of the drugs found and the conditions of the home, the parents were each criminally charged with possession with the intent to deliver a controlled substance and child neglect creating risk of injury. After adjudicating the parents as abusing parents, the court granted them numerous improvement periods while they served their criminal sentences: the father's probation and petitioner's home incarceration. The court returned physical custody of the child to the parents in November of 2021 while they completed the remaining week of their improvement periods. However, in December of 2021, the guardian filed a motion to revoke petitioner's improvement period after petitioner tested positive for methamphetamine. At a hearing on the guardian's motion in January of 2022, petitioner voluntarily relinquished her custodial rights only to the child. The court ordered that petitioner could have only supervised contact with the child at the discretion of the father and that she could not live with the father and the child, including no overnight stays. The court granted the father full legal and physical custody of the child and dismissed the petition by its initial dispositional order entered on February 16, 2022.

---

[1]Petitioner appears by counsel Rebecca Stollar Johnson. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Andrew T. Waight. Tanya Hunt Handley appears as the child's guardian ad litem.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

In February of 2022, the guardian requested the immediate removal of the child from the father's custody and filed a motion to modify the final dispositional in order to terminate the parents' parental rights. According to the guardian, the father recently admitted to his probation officer that he had abused drugs and allowed petitioner to live in the home in violation of the court's visitation terms.

The circuit court held a hearing on the guardian's motions in March of 2022. The father's probation officer testified that when he conducted a home visit of the father's camper, he saw the child and petitioner outside without the required supervision. He stated that when he questioned the father about drug use, the father admitted obtaining drugs from his brother. The father also told the probation officer that he, K.C., and petitioner were moving to another trailer nearby. Additionally, another officer testified that, according to GPS monitoring, petitioner served nearly all thirty days of home incarceration at the father's camper. The Mason County Day Report Center Director testified that the father admitted to methamphetamine use two weeks prior to the March of 2022 hearing. The DHHR worker stated that when she removed the child., K.C. stated that she, petitioner, and the father were living in the camper. The father testified that he had relapsed but that he and petitioner planned to eventually live together as a family unit. Regarding the probation officer's testimony, the father testified that he did not know that K.C. was outside with petitioner when the probation officer performed the home visit. The paternal aunt testified that she also lived in the trailer community and that she kept the child most weekends to allow the parents time to be alone together. Petitioner testified that she never had unsupervised visits with the child and that the probation officer saw her walking toward her separate trailer fifteen feet away from the child.

After reviewing the evidence, the court found that after nearly two years of improvement periods and services, including drug rehabilitation, the parents had demonstrated an inadequate capacity to solve the conditions of abuse and neglect on their own or with help. The court concluded that it was in K.C.'s best interest to terminate the parents' parental rights. By order entered on April 4, 2022, the circuit court modified its prior disposition and terminated petitioner's parental rights to the child. Petitioner now appeals that order.[3]

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T*., 228 W. Va. 89, 717 S.E.2d 873 (2011). Petitioner first argues that the circuit court erred in finding sufficient evidence that she violated the terms of her post-termination visitation and that such violation warranted a modification of the earlier final dispositional order. We find that petitioner is entitled to no relief. West Virginia Code § 49-4-606(a) provides, in part:

> Upon motion of a child . . . alleging a change of circumstances requiring a different disposition, the court shall conduct a hearing . . . and may modify a dispositional order if the court finds by clear and convincing evidence a material change of circumstances and that the modification is in the child's best interests.

---

[3]By the same order, the court also terminated the father's parental rights. The permanency plan for the child is adoption in a foster placement.

The Court finds no error in the circuit court's determination that a material change in circumstances warranted modification of its prior dispositional order and that such modification was in the child's best interest. Here, the parents continued to violate the court's prior dispositional order by allowing petitioner to have unsupervised contact with K.C. Contrary to petitioner's claim, there was ample credible evidence to prove that she violated the visitation terms, including the testimony of the father's probation officer, petitioner's home incarceration officer, the DHHR worker, and the father, during which he admitted that he did not see or hear the child while she was alone with petitioner outside of his camper. Although the parents generally denied that petitioner had unsupervised visits with the child, the circuit court did not find their testimony credible. We decline to disturb its credibility determinations. *See Michael D.C. v. Wanda L.C.*, 201 W. Va. 381, 388, 497 S.E.2d 531, 538 (1997) ("A reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations."). The credible evidence presented during the hearing justified the court's finding that petitioner's violations of the court's prior dispositional order constituted a material change of circumstances warranting a modification of the prior final dispositional order. Accordingly, we find that the circuit court committed no error.

Next, regarding petitioner's argument that the termination of her parental rights was improper, we find no error. Petitioner asserts that, despite the termination of the father's parental rights, "permanency was achievable with the prior relinquishment of [her] custodial rights" because the child was available for permanent guardianship. *See* W. Va. R. of Proc. for Child Abuse and Neglect Proc. 3(n). However, petitioner fails to challenge the circuit court's finding that she demonstrated an inadequate capacity to solve the conditions of abuse and neglect on her own or with help—meaning that there was "no reasonable likelihood that [the] conditions of neglect or abuse can be substantially corrected." *See* W. Va. Code § 49-4-604(d). As such, petitioner was not entitled to a less restrictive alternative disposition to the termination of her parental rights. *See* Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (holding that "[t]ermination of parental rights . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood . . . that the conditions of neglect or abuse can be substantially corrected"). Accordingly, we find no error in the circuit court's termination of petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its April 4, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: February 7, 2023

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

3